United States District Court
District of South Carolina

| | |
|---|---|
| Kevin Don Millen; | ) C/A No. 6:05-2475-CMC-WMC |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| Colleton County Detention Center Staff (Officers); Eric Weinstein M.D.; and Barbara Garcia; | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, Kevin Millen (hereafter, the "Plaintiff"), has brought this *pro se* action against the Defendants under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff is a state prisoner presently incarcerated at the Colleton County Detention Center (CCDC) in Walterboro, South Carolina. The narrative from his Complaint is set forth below verbatim:

> I. I had a slip and fall accident on 8/15/05. True cause of the accident was a water leak from the shower on the top floor of the (GP) section of the jail. The staff (officers) are well aware of the problem. Due to this accident, I have an injury in my lower back and right elbow. Officer Roberts was on duty at the time. He called the nurse. She said, "She was not calling the EMS unless it was a broken bone." I was in tremendous pain. Officer Chisolm convinced her to call EMS.
> II. When I got to the Hospital EMS forgot to cover my stripped suit and that was a problem. When the Dr. came to examine me; he had a real bad attitude. He started pulling and pushin [sic] me. The pain was intolerable. I tried to do everything he asked, but could only hold the positions for a brief moment. He then said, "I refuse to examine this prisoner; take him back to

1

jail," and left the room. Officer Roberts, whom [sic] was in the room, was astonished and amazed at such treatment. They released me. I had to come back to jail; barely able to walk and the pain was excruciating.

III. They placed me in a new cell near the bookin area. I constantley [sic] ask them for the nurse. Everyday [sic] they (officers) said she (nurse) said she would see me. She never did.

IV. On 8/17/05 in an attempt to receive medical help, I laid on the floor outside my cell when Officer Koger brought medication. I told them I needed medical attention. Ssgt. [sic] Aiken told Officers Koger, Gardner, and Roberts to put me back in the cell. I said to them; [sic] not to touch me because I had a back injury. They proceed to pick me up and slide me back into the cell and left me on the floor in tremendous pain.

V. On 8/18/05 the nurse (Garcia) came. I explained to her the severity of my pain in my leg, groin and nausua [sic]. Speaking to me outside the door, she said; [sic] "Oh-well."

I would like for my charges here to be dropped and released from this jail. ASAP. So I can receive proper medical attention. I would like compensatory damages in the amount of $250,000.00. I would like for the court to shut this facility down, until it is properly repaired, and suitable to house inmates.

[1-1, pp. 3-5.]

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S .97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court

"conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **FAILURE TO STATE A CLAIM**

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the action. However, to protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Plaintiff alleges that he fell due to a water leak of which the Defendants were "well aware." He may or may not have a claim against the Defendants in state court under the South Carolina common law of negligence. He cannot, however, maintain such claims in this Court under 42 U.S.C. § 1983. Negligence, in general, is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986); *Ruefly v. Landon*, 825 F.2d 792 (4th Cir. 1987). Further, § 1983 does not impose liability when duties of care under state law have been violated. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989); *Daniels v. Williams, supra* ("Jailers may owe a special duty of care to those in their custody under state tort law...but for the reasons previously stated we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept"); *Baker v. McClellan*, 443 U.S. 137, 146 (1976) (§ 1983 claim does not lie for violation of state law duty of care); *Paul v. Davis*, 424 U.S. 693, 697 (1976). Bearing in mind that claims against prison officials must be based upon a showing of gross negligence, the plaintiff may or may not have an action under the South Carolina Tort Claims Act, S.C. Code Annotated §15-

78-10 through § 15-78-200,. S.C. Code Annotated § 15-78-60(25). This cause of action, however, may not be adjudicated in this Court.

## MEDICAL TREATMENT UNDER 42 U.S.C. §1983

With respect to medical and health needs, a prisoner must show deliberate indifference to a serious need. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention and medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Circ. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Circ. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Circ. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Circ. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Circ.1991); *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

At the thresh hold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *Shakka v. Smith*, *supra*; *Strickler v. Waters*, 989 F. 2d 1375 (1993). Even an objective injury arising from malpractice cannot support a cause of action under 42 U.S.C. §1983. Negligent medical treatment, even if shown to have occurred, is not a violation of constitutionally protected rights. *Estelle v. Gamble*, *supra*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998).

In the present case, Plaintiff cannot claim deliberate indifference. From his own pleading, he indicates that the Defendants diagnosed his injury. Instead, he complains that the diagnosis was not correct and/or that the medical staff displayed a poor attitude.

Plaintiff's Complaint is manifestly frivolous, in light of legal decisions across more than two decades which have settled the principle that these types of complaints are

of no constitutional moment. This is especially so since the Supreme Court has requires a "sufficiently culpable state of mind" on the part of defendants. *Wilson, supra*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998).

## **REPETITIVE CLAIM**

This action is frivolous for another reason: it virtually repeats a claim made by the Plaintiff in *Millen v. Williams, et al.*, 6:03-1065-CMC-WMC (D.S. 2003). In that action, the Plaintiff claimed that he had fallen at CCDC on March 17, 2003, injuring his elbow and lower back. He alleged that the CCDC nursing staff resisted calling EMS. He claimed that he could not move, because of the pain, which forced him to urinate and defecate on the floor.

This court may take judicial notice of its own records in this prior case. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

In Plaintiff's prior action, the Defendants were served. Judicial time and energy (and time and energy of the Defendants) were spent developing a factual record. Ultimately, the Defendants were granted summary judgment and the Plaintiff's complaint was dismissed with prejudice. In light of this history, and the striking similarity of this action with the prior case, the complaint should be dismissed (albeit without prejudice) and a

"strike" should be imposed upon the Plaintiff pursuant to the Prison Litigation Reform Act (PLRA) of 1996, 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless.  *Denton v. Hernandez, supra*.   In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id*.

## **RECOMMENDATION**

The Defendants should not be required to answer this action.  It is therefore recommended that the within Complaint be dismissed without prejudice and without issuance or service of process.  It is further recommended that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(e)(2) and (g).  Plaintiff's attention is directed to the Notice on the following page.

s/William M. Catoe<br>
United States Magistrate Judge

August 31, 2005<br>
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard, supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
