IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Kevin Don Millen;** | C/A No. 6:05-2475-CMC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **Colleton County Detention Center Staff (Officers); Eric Weinstein M.D.; and Barbara Garcia;** | |
| Defendants. | |

The *pro se* Plaintiff in this case is a state prisoner presently incarcerated at the Colleton County Detention Center of the South Carolina Department of Corrections. Plaintiff claims his constitutional rights have been violated because he did not receive proper medical treatment for injuries he claims to have received from a fall on a slippery floor caused by a leak from the shower. Plaintiff seeks to have his charges dropped and release from jail. Plaintiff also seeks compensatory damages in the amount of $250,000, and an order that the Detention Center be shut down until it is properly repaired and suitable to house inmates. In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an

objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

On August 31, 2005, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without service of process and that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(e)(2) and (g). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The court has reviewed the record and the Report and Recommendation of the Magistrate Judge and finds no clear error except that the court disagrees as to the dismissal being deemed a "strike." Accordingly, it is hereby

**ORDERED** that this action is ***dismissed without prejudice and without issuance and service of process***.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 26, 2005